Entered on Docket
July 09, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: July 08, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 07-41274 EDJ |
| | Chapter 11 |
| REJ PROPERTIES, INC., | |
| Debtor./ | |
| ALISE MALIKYAR, | Adv. Pro. No. 10-04114 AJ |
| Plaintiff, | |
| vs. | |
| CHRISTOPHER MOSER, | |
| Defendant./ | |

MEMORANDUM: MOTION TO REMAND TO STATE COURT

The above-captioned adversary proceeding was commenced May 7, 2010 when the defendant herein, Christopher Moser ("Moser"), filed a Notice of Removal of State Court Action. Moser is the trustee in bankruptcy of the estate of Robert Jacobson ("Jacobson"), pending in the United States Bankruptcy Court for the Eastern District of

Memorandum

Texas.[1] The removed action was filed by Alise Malikyar ("Malikyar"), Jacobson's spouse, in the Alameda County Superior Court, State of California. Malikyar's action against Moser alleges that Moser improperly treated her separate property as property of the Jacobsen bankruptcy estate. Her complaint includes causes of action for negligence, intentional tort, and fraud.

On May 17, 2010 Malikyar filed a motion to remand this action to the Alameda Superior Court. A hearing was held on Malikyar's motion on June 21, 2010. William McLaughlin appeared on behalf of Moser. Malikyar did not appear. For the reasons hereinafter discussed, the court will deny Malikyar's motion, and instead, will transfer venue to the United States Bankruptcy Court for the Eastern District of Texas.

In her motion to remand, Malikyar argues that this court lacks jurisdiction to hear her complaint against Moser because her claims arise under state law. The court agrees that it lacks subject matter jurisdiction, but not for the reason urged by Malikyar.

This is so because a trustee appointed by a bankruptcy court may not be sued in a foreign jurisdiction without permission of the court that appointed the trustee. See In re Crown Vantage, 421 F.3d 963, 970 (9th Cir. 2005) (holding that "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's

---

[1] Case no. 07-41092.

official capacity."); see also Barton v. Barbour, 104 U.S. 126, 136-37 (1881) (holding that the common law bars suits against receivers in a state court other than the court charged with administration of the estate, absent leave of that court.).

Moser was appointed trustee of the Jacobsen bankruptcy estate in the bankruptcy court for the Eastern District of Texas. Moser's "home court" has not granted Malikyar leave to bring an action against Moser in another forum.

Therefore, the court directs Moser to submit an order denying Malikyar's motion to remand this adversary proceeding to state court, and transferring it to the United State Bankruptcy Court for the Eastern District of Texas.

**END OF ORDER**

Memorandum 3

COURT SERVICE LIST

Alise Malikyar
P.O. Box 1386
559 Mangels Avenue
Lafayette, CA 94549

William F. McLaughlin
Law Offices of William F. McLaughlin
1305 Franklin St. #301
Oakland, CA 94612

Memorandum 4